HOYT GIBSON V. THE STATE.

No. 9799.    Delivered January 20, 1926.

1.—Possessing Equipment—Evidence—Properly Admitted.

Where, on a trial for the possession of equipment for the manufacture of intoxicating liquor, there was no error in permitting a witness to testify that the copper still and other appurtenances found on appellant's premises was a complete outfit for making whiskey, said witness having qualified himself to testify on such matter.

2.—Same—Bill of Exception—Incomplete—Not Considered.

Where a bill of exception complains of a question propounded to a witness, the answer to which might be perfectly admissible, and does not set out the answer made to the question, there is nothing presented to this court that can be intelligently passed on by us, and unless a bill is properly prepared so as to bring the matter complained of clearly before us, we presume that the action of the trial court was proper.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Lincoln & Barkman,* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Bowie County for possessing equipment for manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the State's witnesses found on the premises of appellant a forty-gallon copper still, a tin tub, a piece of pipe, a keg, and a barrel of mash, concealed in the woods, and several places where fires had been built, in some old furnaces near by; that in searching the house they found some glass jars, some of which showed to have contained whiskey. It was the contention of the appellant that he knew nothing of said articles being on said premises until they were shown to him by the officers, and that the glass jars which showed to have contained whiskey were found by him and brought home for the purpose of using in canning fruit; that for quite a while prior to his arrest he had been working for his brother about twelve miles distant, and only came home the latter end of each week for a day or two during said time, unless called home on account of sickness of his wife; that on the day of the arrest he had returned home the day before.

Appellant complains in bill of exception No. 1 to the action of the court in permitting the witness McDonald to testify, over his objection, that the outfit which he found on appellant's premises was a complete outfit, and that the piece of straight pipe found could be used as a condenser. We fail to see any merit in this contention as the witness was properly qualified to testify on such matters, and we think there was no error in the court's admitting such testimony.

Complaint is also made to the action of the court in permitting the State's attorney to ask the appellant on cross-examination if he did not hear one Curtis Sanders swear on the examining trial that appellant had been home all the week, referring to the week of his arrest. This bill fails to show that there was any answer made to said question by the appellant, and as presented, in the absence of showing any error, under the decisions of this court, we have to presume that the trial court's action was proper.

We have examined each and all of the bills of exceptions presented by the appellant and fail to find any reversible error shown therein. We are, therefore, of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.